Allan D. NewDelman, Esq, (004066)
ALLAN D. NEWDELMAN, P.C.
80 East Columbus Avenue
Phoenix, Arizona 85012
Telephone: (602) 264-4550
Facsimile: (602) 277-0144
Email: ANEWDELMAN@QWESTOFFICE.NET
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>Jason Ronald Roggensee<br><br>Debtor.<br>_____<br>Jason Ronald Roggensee<br><br>Plaintiff.<br><br>v.<br><br>Countrywide Home Loans, Inc.<br>and/or its Assignee or Successor<br>Real Time Resolutions, Inc.<br><br>Defendants. | In Proceeding Under<br>Chapter 11<br><br>Case No. 08-07826 RJH<br><br>Adv. No. 10-00411 RJH<br><br><br><br>COMPLAINT TO DETERMINE THE<br>VALIDITY, PRIORITY OR EXTENT<br>OF A LIEN OR OTHER INTEREST<br>IN PROPERTY<br><br>(Re: 4376 South Hemet Street<br>Gilbert, AZ) |

NOW COMES the Plaintiff, Jason Ronald Roggensee , by and through counsel, to hereby state for its Complaint as follows:

1.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 11 U.S.C. § 506(a), 11 U.S.C. § 1123(b)(5) and Rule 7001 et seq. Rules of Bankruptcy Procedure This is a

1

core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(B) and 157(b)(2)(K).

2.

Plaintiff resides in Maricopa County, Arizona and is the Debtor in the above captioned Chapter Eleven proceeding

3.

Defendant, Countrywide Home Loans, Inc., upon information and belief, is licensed to do, write and make residential mortgage loans in the state of Arizona. Defendant, Real Time Resolutions, Inc. upon information and belief, is not licensed to do, write or make residential mortgage loans in the state of Arizona.

4.

Plaintiff filed a voluntary Chapter11 petition on June 27, 2008 in the District of Arizona, Case No. 08-07826 RJH.

5.

Plaintiff, at the time of the filing of its case, was the owner of certain real property located at 4376 South Hemet Street, Gilbert, AZ 85297 (the "Property") with a legal description as follows;

> Lot 479, Power Ranch Neighborhood 6 Phase 2B, according to Book 631 of Maps, Page 2, records of Maricopa County, Arizona.

The Property is not the Debtor's residence but investment property that is tenant occupied.

6.

The Plaintiff believes that the Property is worth $178,100.00 based on a Broker's Price Opinion prepared on March 15, 2010, a copy of which is attached hereto as Exhibit "A".

7.

The Property is subject to a first mortgage lien in favor of Countrywide Home Loans, Inc. ("Countrywide). A proof of claim has been filed by Countrywide in the amount of $261,818.56, a copy of which is attached hereto in part as Exhibit "B". A copy of the Deed of Trust in favor of Countrywide is attached hereto as Exhibit "C".

8.

The Property is also subject to a second mortgage lien in favor of Countrywide which was recorded on May 16, 2006. Upon information and belief, Real Time Resolutions, Inc. became the holder of the second mortgage lien by virtue of an assignment from Countrywide. However no recorded copy of the assignment could be found with the Maricopa County Recorder's Office. A copy of the Deed of Trust in favor of the Defendant is attached hereto as Exhibit "D". proof of claim has been filed by Countrywide in the amount of $73,885.97, a copy of which is attached hereto in part as Exhibit "E".

9.

Plaintiff asserts that after applying the first mortgage lien of Countrywide that there is no equity remaining for which the Defendant's second mortgage lien to attach to.

| | |
|---|---|
| Appraised Value of the Property | $178,100.00 |
| Less: First Mortgage Lien | $261,818.56 |
| Available Equity for Second Lien | ($ 83,718.56) |

10.

Plaintiff asserts that pursuant to 11 U.S.C §§506(a)(1) and 506(d), Defendant's claim is totally unsecured and its lien (Deed of Trust) upon the Debtor's real property is void.

11.

Plaintiff asserts that the Defendant shall have no claim to be provided for in the Chapter 11 Plan of Reorganization as the loan is a non-recourse loan.

**WHEREFORE**, Plaintiff prays that this Honorable Court find in favor of the Plaintiff and Order the following:

a. That the value of the Plaintiff's property is $178,100.00.

b. That the Defendant's second mortgage lien is totally unsecured and void.

c. That the Defendant have no claim against the Plaintiff/Debtor for any amount over and beyond the secured value of $178,100.00.

d. That the Order of this Court may be recorded and the same shall have the effect of voiding the lien on the public records to the extent that the Plaintiff's claim exceeds that value of the Property.

e. That this Order shall survive conversion to another Chapter or dismissal of this case.

f. That Plaintiff recovers any additional relief that this Court deems justified and appropriate.

RESPECTFULLY SUBMITTED, this 16th day of March, 2010.

ALLAN D. NEWDELMAN, P.C.

/s/ Allan D. NewDelman
Allan D. NewDelman, Esquire
Counsel for the Debtor/Plaintiff